DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **PORT HAMILTON REFINING AND TRANSPORTATION, LLLP,** | ) ) ) |
| **Plaintiff,** | ) ) ) ) |
| v. | ) ) ) |
| **NATIONAL INDUSTRIAL SERVICES, LLC,** | ) ) ) ) |
| **Defendant.** | ) ) ) |

Civil Action No. 2024-0023

**Attorneys:**
**Andrew C. Simpson, Esq.**
St. Croix, U.S.V.I.
 *For Plaintiff*

**Kevin F. D'Amour, Esq.**
St. Thomas, U.S.V.I.
 *For Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant National Industrial Services, LLC's ("NIS") Motion to Transfer Venue ("Motion to Transfer") (Dkt. No. 8); NIS' Motion to Transfer Venue (Dkt. No. 7), which is a duplicate of the Motion to Transfer but was improperly filed;[1] Plaintiff Port Hamilton Refining and Transportation, LLLP's ("Port Hamilton") Emergency

---

[1] Local Rule of Civil Procedure 7.1(c)(1) requires that "[m]otions shall be filed separately from the memorandum in support of the motion," unless the motion and memorandum together do not exceed five pages. LRCi 7.1(c)(1). NIS' Motion to Transfer (Dkt. No. 7) was filed with the memorandum in support and combined the document exceeded five pages. Thus, NIS properly refiled the Motion to Transfer (Dkt. No. 8) with the memorandum separately filed (Dkt. No. 9).

Motion to Extend Temporary Restraining Order ("Motion to Extend TRO") (Dkt. No. 11); NIS' Opposition to and Request for Hearing on Port Hamilton's Motion to Extend TRO (Dkt. No. 12); Port Hamilton's Reply to NIS' Opposition to its Motion to Extend TRO (Dkt. No. 13); NIS' Motion for Leave to File Sur-Reply to Port Hamilton's Reply to NIS' Opposition to Port Hamilton's Motion to Extend TRO ("Motion to File Sur-Reply") (Dkt. No. 16); Port Hamilton's Opposition to NIS' Motion to File Sur-Reply (Dkt. No. 17); and Port Hamilton's Motion to Remand (Dkt. No. 18).

For the reasons discussed below, the Court will grant in part and deny in part NIS' Motion to Transfer Venue (Dkt. No. 8). The Court will transfer this case to the United States District Court for the Southern District of Texas for appropriate action and the ultimate determination of subject matter jurisdiction. In light of the transfer, the Court will deny as moot Port Hamilton's Motion to Extend TRO (Dkt. No. 11), NIS' Motion to File Sur-Reply (Dkt. No. 16), and Port Hamilton's Motion to Remand (Dkt. No. 18), to the extent that they relate to this Court's adjudication of the issues raised.

## I.   BACKGROUND

Port Hamilton initiated this action on August 20, 2024, in the Superior Court of the Virgin Islands ("Superior Court") (Dkt. No. 1-2 at 2), which NIS sought to remove to the "Bankruptcy Division of the United States District Court for the Virgin Islands, Division of St. Croix" on September 18, 2024. (Dkt. No. 1). Two days later, NIS filed a Motion to Transfer Venue (Dkt. No. 8), requesting that the Court transfer venue "pursuant to 28 U.S.C. § 1412 from this honorable court to the United States Bankruptcy Court for the Southern District of Texas." *Id.* at 1. NIS argues, *inter alia*, that the Complaint relates to a bankruptcy proceeding from the United States Bankruptcy Court for the Southern District of Texas, and that as such, the United States

Bankruptcy Court for the Southern District of Texas is the proper venue for hearing this matter. (Dkt. No. 9 at 1-4).

Specifically, Port Hamilton argues in its Complaint filed in the Superior Court that as part of its purchase of all of the assets of Limetree Bay Refining, LLC ("LBR"), pursuant to a Sale Order entered by the U.S. Bankruptcy Court for the Southern District of Texas on January 21, 2022, it purchased a right to repurchase millions of dollars of scaffolding LBR had previously sold to NIS. (Dkt. No. 1-2 at 6-9). Port Hamilton alleges that this repurchase right was fraudulently cancelled by an LBR independent contractor, Paul Falterman ("Falterman"), on May 20, 2019, who allegedly sold NIS millions of dollars of LBR's scaffolding for one dollar. *Id.* at 5-8. Port Hamilton asserts that Falterman did not have authority to sell the scaffolding. *Id.* at 6. Port Hamilton further asserts that NIS has removed—and is removing—scaffolding that it had the right to repurchase, and it in fact exercised that right on July 26, 2024. *Id.* at 10-14. Port Hamilton also alleges that LBR had purchased millions of dollars of scaffolding from NIS before the May 20, 2019 transaction, which was not sold pursuant to that transaction. *Id.* at 9. According to Port Hamilton, based on its purchase in the Bankruptcy Court, that scaffolding is now its property. *Id.*

Port Hamilton had also filed a Motion for a Temporary Restraining Order in the Superior Court on the same date that it filed its Complaint. (Dkt. No. 1-4). The Superior Court granted that Motion, on August 23, 2024. (Dkt. No. 1-6). The Temporary Restraining Order ("TRO"): (1) prohibited NIS from shipping any scaffolding "it ha[d] removed from Port Hamilton['s]" or Limetree Bay's property; and (2) required NIS to "keep all scaffolding or scaffolding-related equipment that it ha[d] removed from St. Croix since May 1, 2021, in its present location in a safe and secure manner." *Id.* at 10.

3

NIS, however, contests that the Superior Court has jurisdiction to hear the case because it argues that the case arises in or is related to a case under the federal Bankruptcy Code, i.e., Title 11, United States Code, and therefore this Court has jurisdiction under 28 U.S.C. § 1334. (Dkt. No. 1 at 1); *see* 28 U.S.C. § 1334(b) ("[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings . . . arising in or related to cases under title 11."). The case that NIS asserts this matter arises in or is related to is LBR's Chapter 11 case that was filed in the U.S. Bankruptcy Court for the Southern District of Texas, *In re Limetree Bay Refining, LLC (LBR)*, Case No. 21-32351, (Bankr. S.D. Tex. 2021). NIS asserts that the U.S. Bankruptcy Court for the Southern District of Texas is the proper court to decide this case because whatever property or contractual rights Port Hamilton acquired to the scaffolding at issue were acquired pursuant to a Sale Order issued by that court. NIS further asserts that bankruptcy courts "maintain[] jurisdiction to construe [their] own orders." (Dkt. No. 1 at 7) (citing *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009)). NIS also explains that in its Sale Order the Bankruptcy Court for the Southern District of Texas included a provision in which it states that it retains jurisdiction to "among other things, interpret, enforce, and implement the terms and provisions of this Sale Order." *Id.* at 7-8 (citing the Sale Order from LBR's bankruptcy case).

After NIS removed this case, Port Hamilton filed the Motion to Extend TRO in this Court, which is currently pending and has been fully briefed. (Dkt. Nos. 11-13). NIS also filed a Motion to File Sur-Reply to provide additional briefing regarding the Motion to Extend TRO and to address arguments NIS alleges that Port Hamilton raised for the first time in its Reply to the Motion to Extend TRO. (Dkt. No. 16). Port Hamilton has filed an Opposition to NIS' Motion to File Sur-Reply as well. (Dkt. No. 17). Finally, Port Hamilton filed a Motion to Remand, arguing that: (1) NIS waived its right to remove this case; (2) this Court lacks jurisdiction; (3) this Court is required

4

to abstain from the case; and (4) if the Court determines it is not required to abstain, the Court should do so prudentially. (Dkt. No. 18 at 1).

NIS' removal was timely filed, as it was filed on September 18, 2024, less than thirty days after Port Hamilton filed its Complaint in the Superior Court. *See* 28 U.S.C. § 1446(b)(1) (stating that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

## II.     APPLICABLE LEGAL PRINCIPLES

"A district court may transfer a case or proceeding under [the Bankruptcy Code] to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. "Section 1412 also governs motions to transfer cases that are related to bankruptcy proceedings." *Fire Ground Techs., LLC v. Hometown Restoration, LLC*, Civ. A. No. 21-19915, 2022 U.S. Dist. LEXIS 87589, at *5 (D.N.J. May 16, 2022) (citation omitted); *see also Tatum v. Chrysler Grp., LLC*, Civ. A. No. 10-4269 (ES) (CLW), 2011 U.S. Dist. LEXIS 144831, at *3 (D.N.J. Dec. 16, 2011) (explaining that courts in the Third Circuit have "consistently" applied Section 1412 to cases that are related to bankruptcy proceedings); *O'Brien v. Gladstone*, Civ. A. No. 13-cv-6578 (JAP), 2014 U.S. Dist. LEXIS 89284, at *9 (D.N.J. July 1, 2014) ("While § 1412 speaks only of proceedings under the Bankruptcy Code, the Third Circuit has held that § 1412 is the appropriate method for transfer of cases that are 'related to' a bankruptcy proceeding." (citing *Maritime Elec. Co., Inc. v. United Jersey Bank*, No. 90-6057, 1992 U.S. App. LEXIS 5144, at *11-12 (3d Cir. Mar. 24, 1992))).

"[S]ection 1412 largely include[s] the same criteria for transfer of cases as [S]ection 1404(a)." *In re Emerson Radio Corp.*, 52 F.3d 50, 55 (3d Cir. 1995).

> A non-exhaustive list of factors that [] may be considered when determining whether transfer in the interests of justice is appropriate under Section 1412 include: (1) the economics of estate administration; (2) a presumption in favor of the home court; (3) judicial efficiency; (4) the ability to receive a fair trial; (5) the state's interest in having local controversies decided within its borders; (6) the enforceability of any judgment; and (7) plaintiff's choice of forum.

*Perno v. Chrysler Grp., LLC*, Civ. A. No. 10-5100 (WJM), 2011 U.S. Dist. LEXIS 24251, at *10-11 (D.N.J. Mar. 10, 2011) (citations omitted). "Principal among these factors is the home court presumption, a recognition that the 'home court' of the bankruptcy to which the removed case is related is often 'in the best position to evaluate the claims and determine whether remand is appropriate.'" *Fire Ground*, 2022 U.S. Dist. LEXIS 87589, at *5 (quoting *George Junior Republic in Pa. v. Williams*, Civ. A. No. 07-4537, 2008 U.S. Dist. LEXIS 22682, 2008 WL 763304, at *5 (E.D. Pa. Mar. 19, 2008)).

### III. DISCUSSION

After weighing the relevant factors under Section 1412, the Court concludes that transfer is warranted because the District of the Virgin Islands is not the appropriate venue for the ultimate determination of whether subject matter jurisdiction exists over the claims in the Complaint. Rather, a transfer to the Southern District of Texas is warranted, as the United States Bankruptcy Court for the Southern District of Texas is in the best position to assess whether the Complaint arises out of or relates to a bankruptcy proceeding, or alternatively is a Virgin Islands Superior Court matter.

The home court presumption, the "principal" factor in the interests of justice analysis, *Fire Ground*, 2022 U.S. Dist. LEXIS 87589, at *5, weighs heavily in favor of transfer. The claims raised in Port Hamilton's Complaint are allegedly related to a Sale Order entered by the United States Bankruptcy Court for the Southern District of Texas. (Dkt. No. 1 at 7-8). Port Hamilton either purchased a repurchase right to scaffolding owned by NIS through the Sale Order issued by

6

the U.S. Bankruptcy Court for the Southern District of Texas or it did not. And it is for the Southern District of Texas to decide whether to opine on what was purchased or how to otherwise facilitate the resolution of the issues raised. Thus, the Southern District of Texas is the home court, and there exists a presumption in favor of transfer to this venue. The home court presumption is particularly strong under the circumstances present here, as the District Court of the Virgin Islands "has no interest in the proceedings but is the court to which the removal law required the case to be removed" and "nobody actually wants this case to remain in this Court." *Fire Ground*, 2022 U.S. Dist. LEXIS 87589, at *6-7 (quoting *Int'l Union of Operating Eng'rs Local 542 v. Mallinckrodt ARD, Inc.*, Civ. A. No. 21-114, 2021 U.S. Dist. LEXIS 44664, at *22 (E.D. Pa. Mar. 10, 2021)).

The other Section 1412 factors fall far short of rebutting the home court presumption. First, the economics of estate administration and judicial efficiency are both furthered by transfer to the Court with familiarity over the estate and corresponding bankruptcy proceedings. NIS argues that based on the size of the asset, i.e., the scaffolding, it will be required to litigate the matter before the Bankruptcy Court for the Southern District of Texas and this Court if the case were not transferred. Thus, these factors weigh in favor of transfer. *See Waleski v. Montgomery*, Civ. No. 3:18-CV-1144, 2018 U.S. Dist. LEXIS 208727, at *16-17 (M.D. Pa. Dec. 10, 2018) ("[F]actors relating to expense and efficiency tilt in favor of transferring the case, because the bankruptcy court has far more familiarity with the bankruptcy proceedings and the issues raised in the instant litigation as they relate to those proceedings."). Second, the Court sees no reason why the parties would be unable to receive a fair hearing in the Southern District of Texas or why any judgment from the Southern District of Texas in this matter would be unenforceable, rendering these factors neutral. Third, Port Hamilton's choice of the Virgin Islands as a forum and the Virgin Islands' interest in resolving controversies related to the oil refinery situated on St. Croix both weigh

7

against transfer. However, the impact of these factors is mitigated where, as here, the Court's transfer "simply determines which court should make the ultimate decision as to forum" and "does not foreclose the possibility that this case will be remanded to state court." *Fire Ground*, 2022 U.S. Dist. LEXIS 87589, at *7-8. Therefore, the Section 1412 factors, particularly considered in light of the strong presumption in favor of transfer to the home court, weigh in favor of a transfer to the Southern District of Texas.

For these reasons, the Court will transfer the case to the United States District Court for the Southern District of Texas. While NIS requests a transfer directly to the United States Bankruptcy Court for the Southern District of Texas, the proper procedure in these circumstances is to transfer the action to the district court, which may then refer the case to the bankruptcy court. *See* 28 U.S.C. § 1412 ("A district court may transfer a case or proceeding under title 11 *to a district court for another district*, in the interest of justice or for the convenience of the parties.") (emphasis added); *see also Tang v. Citic Capital Holdings Ltd.*, Civ. A. No. 21-17008-JXN-AME, 2022 U.S. Dist. LEXIS 184505, at *29 (D.N.J. Oct. 7, 2022) (explaining that Section 1412 does not authorize transfers directly to a bankruptcy court).[2]

## IV. CONCLUSION

In view of the foregoing, NIS' Motion to Transfer Venue will be granted in part and denied in part, and the case will be transferred to the United States District Court for the Southern District

---

[2] In its Notice of Removal, NIS requested that the Court refer this matter to the District Court of the Virgin Islands Bankruptcy Division. (Dkt. No. 1 at 1). Rule 5011-1 of the Local Bankruptcy Rules provides that, "*[u]nless otherwise provided by Order of the District Court*, . . . any or all proceedings arising under [the United States Bankruptcy Code] or arising in or related to a case under [the United States Bankruptcy Code] are automatically referred to" the District Court of the Virgin Islands Bankruptcy Division. Local Bankruptcy Rule 5011-1.A. (emphasis added). Here, the Court's Order provides otherwise—transferring the case to the United States District Court for the Southern District of Texas. As such, NIS' request for a referral to the District Court of the Virgin Islands Bankruptcy Division will be denied.

of Texas. In light of the transfer, the Court will deny as moot Port Hamilton's Motion to Extend TRO (Dkt. No. 11), NIS' Motion to File Sur-Reply (Dkt. No. 16), and Port Hamilton's Motion to Remand (Dkt. No. 18), to the extent that they relate to this Court's adjudication of the issues raised.

    An appropriate Order accompanies this Memorandum Opinion.

Date: October 2, 2024

                                                                                       /s/
                                                           WILMA A. LEWIS
                                                           District Judge